IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| F. CHRISTOPHER O'LEATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-598 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| KENNETH BACHA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, the motion to dismiss (Doc. 9) filed by Defendants Bacha, Cycak, Bayla,[1] Ceraso, Anderson, and Westmoreland County ("Defendants") will be granted with prejudice in part, granted without prejudice in part, and denied in part.

Plaintiff F. Christopher O'Leath ("Plaintiff") brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. Id. ¶¶ 22-23. Plaintiff also alleges violations of state tort laws. Id. at 14. Defendants filed a motion to dismiss on September 23, 2011 (Doc. 9). Plaintiff responded in opposition thereto on October 18, 2011 (Doc. 18). This motion is ripe for disposition.

---

[1] The undersigned notes that in their motion to dismiss, Defendants assert that Defendant Bayla's correct surname is Balya. (Doc. 9 at 1). Be that as it may, this Court will continue to spell his name as it appears in the caption of this case. The parties are welcome to move to correct the caption, if they so desire.

1

A. **Factual Allegations and Legal Claims**

On or about June 24, 2000, Plaintiff was hired as a part-time deputy coroner of Westmoreland County, Pennsylvania. (Doc. 1 ¶¶ 4 and 14). His status was changed to full-time on or about April 22, 2002. Id. ¶ 15. Sometime in April of 2005, he was "approached by Defendants Bacha and/or Cycak" and directed by one or both of them "to create a registration form for a fundraising event related to fundraising for the political campaign of Defendant Bacha."[2] Id. ¶ 17. Plaintiff alleges that he knew that such an act was illegal, but acquiesced out of fear of losing his job. Id. Plaintiff alleges that, afterwards, he was required to perform "fundraising and/or other campaign work" related to Defendant Bacha's political campaign at various times until July of 2009. Id. ¶ 18.

On or about February 22, 2010, Defendants, "acting in conspiracy, suspended the Plaintiff from his employment without pay." Id. ¶ 19. Plaintiff alleges that the reasons given by Defendants for this action were pretextual. Id. At a meeting with Defendants on March 5, 2010, Plaintiff was fired. During that meeting, "Defendant Bacha told the Plaintiff that there were several reasons for his termination . . . . [P]art of the reason for his termination was that the Plaintiff had engaged in a series of actions which resulted in progressive discipline." Id. ¶ 20. Defendant Bacha further informed Plaintiff that another reason for his termination was that "Plaintiff refused to continue to do [allegedly illegal] campaign work for the Defendants while on county time."[3] Id. ¶ 20. Defendant Bacha also allegedly told Plaintiff that he was being

---

[2] It is alleged that, at the times relevant to the complaint, Defendant Bacha was the coroner of Westmoreland County, and Defendant Cycak was his chief deputy coroner. (Doc. 1 ¶¶ 5 and 6).

[3] In spite of this statement, Plaintiff never alleges in his complaint that he ever was approached to do campaign work for any Defendant other than Defendant Bacha.

terminated due to the belief that Plaintiff planned to "report" Defendant Bacha for illegally forcing him to perform political work on county time, and because Plaintiff allegedly had expressed an interest in running against Defendant Bacha for the position of Westmoreland County Coroner.  Id.

Throughout the complaint, Plaintiff makes a multitude of very general assertions that Defendants conspired with each other and agreed to violate Plaintiff's constitutional rights under color of state law.  He also alleges that a custom or policy of not supervising the coroner or chief deputy coroner existed in Westmoreland County.  Id. ¶ 32.

Plaintiff claims that Defendants – both individually and by means of their alleged conspiracy – violated his due process rights under the Fifth and Fourteenth Amendments to the Constitution, his Fourteenth Amendment right to equal protection, and his First, Fifth, and Fourteenth Amendment rights to pursue political office.  Id. ¶¶ 44, 53.  He also claims that Defendants' alleged acts and/or omissions constituted retaliation for engaging in a constitutionally protected activity.  Id. ¶¶ 44, 53.  Finally, Plaintiff alleges that Defendants' alleged "willful misconduct" constituted the tort of intentional infliction of emotional distress.  Id. ¶¶ 56-59.

 B.   **Analysis**

Defendants argue that this case should be dismissed for a variety of reasons.  These will be addressed *seriatim*.

1. **Official Capacity Claims**

When an individual is sued in his or her official capacity, the action is considered to be against the governmental entity which he or she represents. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). As such, Plaintiff's claims against any individual Defendant in his or her official capacity are duplicative of his claims against Defendant Westmoreland County. Indeed, Plaintiff himself concedes this point. (Doc. 18 at 3). Accordingly, Plaintiff's claims against Defendants in their official capacities, will be dismissed with prejudice.

2. **Section 1983 Conspiracy**

Where a civil rights conspiracy is alleged, there must be specific factual allegation in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)); see also Loftus v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("[w]hile the pleading standard under Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements"). Nor may a plaintiff rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Voc'l Tech'l Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). The Court of Appeals for the Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the

complaint details the following: (1) the specific conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990).

Beyond his bald and conclusory statement that Defendants engaged in a conspiracy to violate his rights, Plaintiff alleges no facts that, if true, would plausibly lead to the conclusion that an agreement to do so actually existed between them. Indeed, it is noteworthy that, other than to be identified in the "Parties" section of the complaint, see (Doc. 1 ¶¶ 4-13), Defendants Bayla, Ceraso, and Anderson are not mentioned by name at any point in that document. Additionally, while Plaintiff does indicate that Defendants, generally, were present at the March 5, 2010, meeting, during which Plaintiff's employment was terminated, there are no allegations that any Defendant other than Defendant Bacha took any action during or prior to that meeting that would allow liability under section 1983 to be imputed on them.[4] Because Plaintiff's factual allegations, even if true, fail to establish an agreement between Defendants to violate Plaintiff's constitutional rights, his conspiracy claims will be dismissed. However, as it is not clear that leave to amend these claims would be futile, dismissal will be without prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff must be granted the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile).

---

[4] While Plaintiff makes the assertion that the March 5, 2010, meeting was with "Defendants" generally – an impossibility, as one of these "Defendants" is a political entity, and thus incapable of attending a meeting – only Defendant Bacha is mentioned by name as being present. See id. ¶ 20. Simply put, Plaintiff's generalized, conclusory allegations of the existence of a conspiracy involving Defendants are far from sufficient to "nudge[] [his] claims across the line from conceivable to plausible . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### 3. Westmoreland County as Proper Defendant

Defendants argue that Westmoreland County is not a proper defendant to this action because it is not responsible for supervising or disciplining Defendants Bacha or Cycak, or for overseeing the coroner's treatment of his employees. (Doc. 10 at 7-8). The statutes and cases cited by Defendants support the conclusion that Defendants Bayla, Ceraso, and Anderson, as county commissioners, did not have supervisory authority over Defendants Bacha and Cycak. See 16 P.S. § 401 (a)(4) (requiring that each county in Pennsylvania elect, *inter alia*, one coroner as one of its officers). See also McNeil v. Commonwealth, No. 3:CV-05-925, 2006 WL 618421, at *3 (M.D. Pa. Mar. 10, 2006) (treating the local coroner's office of Lycoming County, Pennsylvania, as a sub-unit of that political subdivision for the purposes of section 1983 liability). However, they also establish that the coroner is a county official and a policymaker for the purposes of municipal liability under section 1983. Plaintiff correctly notes this in his response, and offers to amend his complaint in order to provide factual allegations of the same. Accordingly, Plaintiff's constitutional claims against Defendant Westmoreland County will be dismissed, without prejudice to filing an amended complaint.

### 4. Personal Involvement

In order for section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In cases involving a supervisory or reviewing defendant, personal involvement may be shown through "'allegations of personal direction or of actual knowledge

and acquiescence.'"[5]  Id. at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Here, Plaintiff has failed to allege facts that, if true, would lead to the plausible conclusion that Defendants Bayla, Ceraso, and Anderson had any personal involvement in the alleged bad acts of Defendant Bacha.  Indeed, he barely mentions them by name in the complaint.  Accordingly, Plaintiff's constitutional claims against these Defendants will be dismissed.  However, as it is unclear whether leave to amend would be futile, dismissal will be without prejudice.

**5. Property Interest in Employment**

Defendants next argue that Plaintiff was merely an "at-will" employee of the coroner's office, and thus had no protected property interest in his position.  As a general matter under Pennsylvania law, a public employee serves at the pleasure of his or her employer.  Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005) (citing cases).  Plaintiff asserts that an exception to this rule is the situation where an employee's termination violates public policy, such as when an at-will employee is discharged for refusing to engage in unlawful acts.  (Doc. 18 at 8-9).  In support of his argument, Plaintiff cites to three cases.  Id. at 9 (citing Smith v. Calgon Carbon Corp., 917 F.2d 1338, 1344 (3d Cir. 1990); Clark v. Modern Group Ltd., 9 F.3d 321, 330 (3d Cir. 1993); and McNulty v. Borden, Inc., 474 F. Supp. 1111, 1119 (E.D. Pa. 1979)).

While the above cases acknowledge the existence of a common law public policy exception to the general prohibition of an at-will employee bringing a state law action for wrongful discharge, none of these cases stands for the proposition that this exception rises to the

---

[5] The undersigned notes that the Supreme Court has cast doubt on the viability of a "knowledge and acquiescence" theory of supervisory liability in a section 1983 action.  See Ashcroft v. Iqbal, 556 U.S. 665, 129 S.Ct. 1937, 1949 (2011).

level of creating a property interest, the deprivation of which would be cognizable under section 1983. To the contrary, district courts in Pennsylvania have recognized that the general rule of at-will public employment allows for the creation of a property interest based on only three narrowly-tailored exceptions:

> First, the General Assembly may create a protected property interest through legislative action or authorization. Second, a protected property interest may emerge from a contract that grants the plaintiff protected status, such as employment tenure or welfare benefits. Finally, an employment contract permitting dismissal only for cause will create a property interest.

D'Altilio v. Dover Twp., No. 1:06-CV-1931, 2007 WL 2845073, at *6 (M.D. Pa. Sept. 26, 2007) (internal citations and quotes omitted). Here, Plaintiff does not allege that any of the above exceptions apply. Accordingly, his due process claim with respect to his termination will be dismissed. However, as it is not entirely certain that Plaintiff would be unable to plead facts that, if true, would demonstrate that he fell into one of these exceptions, dismissal will be without prejudice to amendment.

### 6. Political Candidacy

In his complaint, Plaintiff explicitly claims that Defendants violated his "right . . . to pursue political office free from interference from his employer, acting under color of state law, as guaranteed under the First, Fifth and Fourteenth Amendments, as well as being prohibited by the Civil Rights Act of 1964[.]" (Doc. 1 ¶¶ 44, 53). Defendants assert that no such right exists. (Doc. 10 at 11-12) (citing Clements v. Fashing, 457 U.S. 957 (1982), and Carver v. Dennis, 104 F.3d 847 (6th Cir. 1997)). Instead of countering this argument, Plaintiff responds by stating that he "had not expressed such an interest . . ." regarding running for coroner. (Doc. 18 at 10). He

8

then further obfuscates the issue by suggesting several possible meanings to the seemingly-clear language of his pleadings, without committing to any of them.  Id. at 10-11.  As a result, this Court has no idea why Plaintiff believes his constitutional rights were violated by Defendant Bacha's alleged statement that he was firing Plaintiff, in part, due to the possibility that he intended to run for Westmoreland County coroner – if, indeed, that still is Plaintiff's position.  Thus, Plaintiff's claims based on this alleged statement will be dismissed.  However, out of an abundance of caution, Plaintiff will be given leave to amend these claims, if appropriate.

### 7. Equal Protection

Plaintiff requests leave to amend his complaint with respect to his equal protection claims.  (Doc. 18 at 11).  Accordingly, Plaintiff's equal protection claims will be dismissed, without prejudice to Plaintiff filing an amended complaint.

### 8. Statute of Limitations

Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations.  It is well established that the statute of limitations of any section 1983 claim is the forum state's statute of limitations for personal injury suits.  Mumma v. High Spec, Inc., 400 F. App'x 629, 631 (3d Cir. 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (overruled on other grounds)).  The applicable statute of limitations in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524.  Here, Plaintiff complains of a suspension and termination from employment that occurred on February 22 and March 10, 2010, respectively.  This case was filed on April 27, 2011 – well within the applicable two-year period.  As such, Defendants' statute of limitations argument is without merit.

### 9. Qualified Immunity

Given the sheer number of claims that Plaintiff has been granted leave to amend, this Court sees little benefit to addressing Defendants' qualified immunity argument at this time. Defendants are free to raise the issue again in a later dispositive motion, if appropriate.

### 10. Intentional Infliction of Emotional Distress

The Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), 42 Pa. Cons. Stat. § 8541, *et seq*. establishes the extent to which a political subdivision of the Commonwealth of Pennsylvania may be liable for the tortious acts of its agents. In order for liability to attach to a municipality under the PPSTCA, it is required that:

> (1) [t]he damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) [t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa. Cons. Stat. § 8542(a)(1)-(2). Employees of local agencies are entitled to this same immunity from suit for actions taken within the scope of their employment. 42 Pa. Cons. Stat. § 8545. However, immunity from suit under the PPSTCA does not apply to tortfeasors, sued in their individual capacities, for conduct that constitutes a crime, fraud, actual malice, or willful misconduct. See 42 Pa. Cons. Stat. § 8550; see also Overstreet v. Borough of Yeadon, 475 A.2d

803, 803-04 (Pa. Super. Ct. 1984); see also Steiner by Steiner v. City of Pittsburgh, 509 A.2d 1368, 1370 (Pa. Commw. Ct. 1986).

Plaintiff's allegations of intentional infliction of emotional distress require – by definition – willful acts committed by the alleged tortfeasors.  Thus, Defendant Westmoreland County is immune to such a claim.  However, under the above standard, the other Defendants, sued in their individual capacities, would not enjoy this immunity.

 Be that as it may, in order to succeed on such a claim under Pennsylvania state law, Plaintiff must show that Defendants, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress.  See McCluskey v. United States, No. 10-694, 2010 WL 4024717, at *4 (W.D. Pa. Oct. 12, 2010) (Fischer, J.) (quoting Restatement (Second) of Torts § 46); see also Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). Pennsylvania law defines outrageous conduct as that which is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1123 n.5 (Pa. Super. Ct. 2004) (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)).   Stated another way: "[i]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even thathis [sic] conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort."  Hoy, 720 A.2d at 754 (internal quotes and citations omitted).

Here, Plaintiff's allegations lack the outrageous conduct required to state a claim for intentional infliction of emotional distress.  He alleges simply that he faced "progressive [workplace] discipline[,]" suspension, and, ultimate termination from his job.  (Doc. 1 ¶¶ 19, 20).

11

Missing from his complaint is any allegation that rises to the examples that the courts of Pennsylvania have given as stating a claim for this common law tort. See Hoy, 720 A.2d at 754 (listing as examples which state a claim for IIED as: "striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, [burying the] body in a field where [it is] discovered two months later and returned to parents[;]" "fabricat[ing] records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide[;]" and where a "physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false"); cf. Denton v. Silver Stream Nursing and Rehab. Ctr., 739 A.2d 571, 577 (Pa. Super. Ct. 1999) (noting that death threats by a coworker, who was found to be in possession of a firearm at work, stated a claim for intentional infliction of emotional distress).  Accordingly, this claim will be dismissed.  As it is unclear, given the sparse allegations of fact in the complaint, whether leave to amend would be futile, dismissal will be without prejudice.

### 11. Punitive Damages

Defendants argue, and Plaintiff concedes, that Defendant Westmoreland County is immune from punitive damages.  (Doc. 10 at 17); (Doc 18 at 14).  Accordingly, to the extent that they exist, Plaintiff's claims for punitive damages against Defendant Westmoreland County are dismissed, with prejudice.

AND NOW, this 6th day of June, 2012,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Bacha, Cycak, Bayla, Ceraso, Anderson, and Westmoreland County (Doc. 9) is GRANTED with prejudice in part, GRANTED without prejudice in part, and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Bacha, Cycak, Bayla, Ceraso, and Anderson in their official capacities are duplicative of his claims against Defendant Westmoreland County, and are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's claims for punitive damages and intentional infliction of emotional distress against Defendant Westmoreland County are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the following claims are DISMISSED, without prejudice to Plaintiff filing an amended complaint, if appropriate.  Plaintiff's amended complaint is due on or before **June 27, 2012**.  Failure to file an amended complaint by this date **will result in these claims being dismissed with prejudice**.

1. Plaintiff's section 1983 conspiracy claims;
2. Plaintiff's remaining claims against Defendant Westmoreland County;
3. Plaintiff's constitutional claims against Defendants Bayla, Ceraso, and Anderson in their individual capacities;
4. Plaintiff's Fourteenth Amendment due process claims arising from his allegedly wrongful termination;
5. Plaintiff's claims arising from Defendants' alleged interference with his desire to seek public office;
6. Plaintiff's equal protection claims; and

7. Plaintiff's remaining state law claims of intentional infliction of emotional distress.

IT IS FURTHER ORDERED that Defendants' motion is DENIED in all other respects.

IT IS FURTHER ORDERED that, in all future filings, parties shall, if possible, cite to the specific page or pages of cases supporting their arguments.  Failure to do so may result in the imposition of sanctions.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE


cc (via CM/ECF):

All Counsel of Record